IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODNEY R. WILLIAMS,

    Plaintiff,

  v.                                                            No. CIV 12-1220 LH/RHS

CURRY COUNTY DETENTION CENTER,
MEDICAL STAFF NURSE MRS. SUMMER,
NURSE MRS. JAMIE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) and Motion to See If Defendants Been Served (Doc. 16). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. The motions will be denied as moot, and for reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Court construes Plaintiff's motion to amend (Doc. 6) as a supplemental complaint, and the original and supplemental complaints together as the "complaint." The complaint alleges that on numerous occasions medical staff at the Curry County, New Mexico, Detention Center failed to administer Plaintiff's prescribed medications. Plaintiff alleges that, as a result, he suffered uncontrolled nosebleeds and a mild stroke. A catscan was ordered by a doctor but was never administered. Plaintiff also makes allegations of interference with "legal mail" and inadequate access to legal materials. The complaint seeks damages.

No relief is available on Plaintiff's claims against the Defendant detention center. "We . . . hold that the district court properly dismissed Mr. White's suit against the Salt Lake County Jail." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (citing *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued.")); *and see Buchanan v. State of Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) (same for state facilities). Plaintiff's claims against Defendant Curry County Detention Center will be dismissed. Furthermore, Plaintiff's allegations of interference with "legal mail" and inadequate access to legal materials are not directed at the named Defendants. These claims will be dismissed for failure to state a claim for relief against a Defendant.

Plaintiff's motion for leave to amend will be denied as moot because, at this stage of the action, leave of the Court is not required. Under Fed. R. Civ. P. 15(a), "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading," and no responsive pleading has been filed. Furthermore, in light of the ruling below, Plaintiff's motion

for service is also moot and will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) and Motion to See If Defendants Been Served (Doc. 16) are DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Curry County Detention Center are DISMISSED, Defendant Curry County Detention Center is DISMISSED as a party to this action, and Plaintiff's claims of interference with "legal mail" and inadequate access to legal materials are DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and supplemental complaint (Doc. 6), for Defendants Summer and Jamie.

_____
SENIOR UNITED STATES DISTRICT JUDGE