IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RODNEY R. WILLIAMS,

    Plaintiff,

v.                                                                                                         Case No. 12cv1220 LH/RHS

FNU SUMMER, Nurse, Curry County Detention
Center, Medical Staff, and FNU JAMIE, Nurse, Curry
County Detention Center, Medical Staff,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    THIS MATTER is before the Court on Defendants' Motion to Dismiss (Doc. 25) filed May 9, 2013. Defendants seek dismissal of Plaintiff's Complaint contending that Plaintiff recites "only bare conclusions and legal assertions against Defendants [and that] Plaintiff has failed to assert a plausible claim" (Doc. 25 at 3). Plaintiff filed his Response (Doc. 26) on May 24, 2013. Defendants' Reply (Doc. 27) was filed June 7, 2013. Plaintiff's Complaint (Doc. 1) and Supplemental Complaint (Doc. 6) (collectively hereinafter "Complaint") included copies of grievances filed by Plaintiff. Since the Court considers these exhibits in making its recommendation, the Court converted the Motion to Dismiss to a motion for summary judgment. In accordance with Fed. R. Civ. P. 12(d), the Court filed a Notice of Intent to Convert Motion to Dismiss Into Motion for Summary Judgment (Doc. 34) and directed the parties to file supplemental briefing. The parties did not file any supplemental briefing.

The Court having now considered the Motion (Doc. 25), Response (Doc. 26), Reply (Doc. 27), all of the filings on record in the above-captions cause, and the appropriate legal authority and being fully advised in the premises concludes that Defendants are entitled to summary judgment and recommends dismissal of the Complaint.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's *pro se* civil rights action brought under 42 U.S.C. § 1983 was filed November 21, 2012 (Doc. 1). Plaintiff's Complaint alleges that Defendants Summer Southern, R.N. and Jamie Paul, R.N. violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the Constitution of the United States. Id. Plaintiff was incarcerated in the Curry County Detention Center at the time the Complaint was filed. Id. Plaintiff was transferred to Hutchins State Jail in Dallas, Texas on or about January 24, 2013 (See Notice of Change of Address, file-stamped January 31, 2013 (Doc. 14). Plaintiff has been released from custody since the filing of this lawsuit (See Notice of Change of Address, file-stamped July 18, 2013 (Doc. 33)).

Plaintiff claims that Defendants violated his rights "by not providing medicine and other protocol" prescribed by the doctor (Doc. 1). Plaintiff asserts that Defendants repeatedly failed to check his blood pressure and then failed to timely provide his medication on one occasion. Id. Defendants filed their Motion to Dismiss (Doc. 25) on May 9, 2013, and asserted that Plaintiff fails to state a claim for relief because the Complaint "asserts only bare conclusions and legal assertions against Defendants" (Doc. 25 at 3.). Plaintiff filed a Response in opposition on May 24, 2013 (Doc. 26). Defendants filed their Reply (Doc. 27) on June 7, 2013. Plaintiff filed a Supplemental Reply which the Court construes as a surreply (Doc. 30). Defendants filed a Motion to Strike Surreply (Doc. 32). The Court now considers Defendants' Motion to Dismiss.

LEGAL STANDARD

To survive a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As stated above, the Court converted Defendants' Motion to Dismiss to a motion for summary judgment. Summary judgment is appropriate in cases where the record discloses no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). In a deliberate indifference case under the Eighth Amendment, reasonable inferences must be drawn from the record in the light most favorable to the non-moving party. Self v. Crum, M.D., 439 F.3d 1227, 1230 (10th Cir. 2006). "Plaintiff must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." Id. Unsupported conclusory allegations do not create a genuine issue of fact. Id.

ANALYSIS

Plaintiff's Complaint (Doc. 1) alleges civil rights violations against Defendants. Specifically, Plaintiff claims that Defendants Jamie and Summer violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution. Id. at 14. He contends that Defendants did not follow the physicians orders by failing to take his blood pressure and test his blood sugar as ordered (Doc. 6). Plaintiff claims that his blood pressure was to be taken daily and his blood sugar was to be tested prior to each meal. Id. Plaintiff further alleges that on at least one occasion Defendants failed to give him his medication on time. Id.

The Supreme Court of the United States has held that "deliberate indifference to serious medical needs of prisoners constituted the unnecessary and wanton infliction of pain proscribed

by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 1976). Prison officials may be liable under 42 U.S.C. § 1983 for "indifference . . . manifested . . . in their response to prisoner's needs [by] intentionally interfering with treatment once prescribed. Id. at 104-05.  Negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. Id. at 105-06.   A prisoner that disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation. Id. at 107; see also, Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must satisfy "an objective and a subjective component" to state a denial of medical care claim. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).  The first component requires that a prisoner "produce objective evidence that the deprivation at issue was in fact sufficiently serious. Id. at 751. (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)) (citations omitted).  Where there is a delay in medical care, an Eighth Amendment violation is only implicated where plaintiff can demonstrate that the delay resulted in substantial harm. Id.  Case law has set forth examples of substantial harm including lifelong handicap, permanent loss, or considerable pain. Al-Turki v. Robinson, 762 F.3d 1188 (10th Cir. 2014) (finding substantial harm where plaintiff suffered severe abdominal pain causing collapse, vomiting and plaintiff's belief that he was dying); Mata v. Saiz, 427 F.3d at 751.  The second component requires "the plaintiff to produce evidence of the prison official's culpable state of mind." Mata v. Saiz, 427 F.3d at 751.  The Supreme Court has stated that a prison official cannot be held liable unless he or she knows of and disregards an excessive risk to inmate health or safety.  439 F.3d at 1231.

Defendants seek dismissal claiming that Plaintiff fails to assert a plausible claim (Doc. 25 at 3).  Defendants assert that Plaintiff's Complaint demonstrates that Plaintiff received regular

medical treatment and that the allegations that his treatment was insufficient do not rise to the level of deliberate indifference.  Id. at 5.  They argue that Plaintiff's allegations do not demonstrate "cruel and unusual punishment, but rather a discretionary medical decision."  Id. at 5.  Defendants' Reply generally asserts that Plaintiff's claims are based on only two incidents involving the late dispensing of some medication and the frequency of blood pressure and blood sugar checks (Doc. 27 at 3-4).  Defendants cite to case law which finds more egregious delays in treatment and dispensing of medication did not rise to the level of deliberate indifference.  Id. at 4-6.

      Plaintiff's Response (Doc. 26) argues that his Complaint was factually detailed and sufficient to survive a motion to dismiss citing to the Court's Order denying appointment of counsel (Doc. 13) that stated "Plaintiff's pleadings are factually detailed and contain referenced to legal authority."  Plaintiff further argues that his treatment or lack thereof constitutes deliberate indifference and sets forth his opinions about how his condition should have been treated (Doc. 26).  Plaintiff asserts that Defendants violated his constitutional rights by "failing to follow protocol that was prescribed by the doctor" (Doc 1 at 2).  Plaintiff claims that he was in imminent danger of serious physical injury because he was "always in stroke range" and could become "paralyze (sic) or die."  Id. at 5.  Plaintiff's Complaint provided copies of five (5) grievances as exhibits to his various filings: three grievances dated September 20, 21 and 23, 2012; one grievance dated October 7, 2012; and a grievance dated November 13, 2012 (Docs. 1 and 6).  Primarily, Plaintiff complains about his diabetes and blood pressure checks (Doc. 1 at 7-11, 13; Doc. 6 at 5).  Plaintiff asserts that his blood pressure needed to be checked twice daily and his diabetes or glucose checked before every meal (Doc. 1 at 11-12).  A copy of the grievance dated September 20, 2012 contained a response by the institution dated September 24,

2012, which stated that Plaintiff's chart was "reviewed by the doctor.  New orders received.  Blood glucose once in am.  Blood pressure checked weekly." (Doc. 1 at 11).  In the two grievances filed October 7, 2012 and November 13, 2012, Plaintiff's complains that his blood pressure wasn't checked and he did not receive his medication timely (Doc. 6 at 6; Doc. 1 at 7-9).  Plaintiff contends that contrary to Defendant's statements, Plaintiff was "not treated regularly by Defendants" between September 20, 2012 and December 20, 2012 (Doc. 26 at 2).

      The Court considers all these arguments in light of prevailing Tenth Circuit authority.  As stated above, the Tenth Circuit has previously decided that a prisoner who disagrees with a diagnosis or prescribed course of medical treatment does not state a constitutional violation.  Oxendine v. Kaplan, 241 F.3d 1272, 1277 (10th Cir. 2001); Self v. Crum, M.D., 439 F.3d at 1231; Giron v. Corrections Corporation of America, 191 F.3d 1281, 1286 (10th Cir. 1999) (citing Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).  Here, Plaintiff disagrees with the course of treatment since his primary complaints concern the frequency of blood pressure monitoring and blood sugar testing.  Plaintiff contends that he was in "stroke range" and alleges that the nurses disregarded his medical condition.  Plaintiff offers his lay opinion concerning his medical condition and required treatment.  While he may believe that he was at risk of imminent stroke and faced death, Plaintiff's beliefs are unsupported conclusory allegations.  Plaintiff fails to produce objective evidence that the level of testing, or one incidence of delay in receiving medication resulted in substantial harm.  There is no allegation or evidence of Plaintiff suffering a stroke.

      As for demonstrating that the Defendants had a culpable state of mind, Plaintiff must show that the Defendants knew that "Plaintiff faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." 563 F.3d at 1089.  There is no

evidence that the Defendants disregarded Plaintiff's medical condition. The grievances reflect that he was getting checked by medical personnel, just not when Plaintiff wanted the nurses to perform the blood pressure checks or blood sugar testing. In light of the grievances and the representations of the parties, the Court finds that the few incidents alleged by Plaintiff do not raise an inference of deliberate indifference. The Court therefore recommends dismissal of the Complaint.

## RECOMMENDED DISPOSITION

The Court concludes that Plaintiff is not entitled to any relief with respect to the claims raised in his Complaint (Doc. 1). The Court further concludes that Defendants are entitled to summary judgment. Therefore, the Court recommends that Plaintiff's Complaint (Doc. 1) and this civil proceeding be DISMISSED WITH PREJUDICE.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE